THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ENRIQUE OLMO ESTRADA, Defendant and Appellant.

No. CR-66-464.    Decided April 25, 1967.

*Jaime Escanellas* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda de Escudero, Assistant Solicitor General,* for The People.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

On October 28, 1963 the prosecuting attorney filed an information against Enrique Olmo Estrada charging him with a violation of Art. 8, § 5-801 of the Vehicle and Traffic Law of Puerto Rico, consisting in that on August 24, 1963 and in Río Piedras, Puerto Rico, he was driving and operating a motor vehicle on public highway No. 3, while under the effects of intoxicating beverages.

The trial was held from April 20 to April 27, 1964. The trial court found defendant guilty and ordered him to serve ten days in jail. On appeal he sustains that the trial court erred: (1st) in not dismissing the case because the prosecuting attorney did not deliver to defendant copy of the sworn statement of policeman Reyes Cruz, witness for the prosecution, and (2nd) in weighing the evidence and concluding that defendant was driving a motor vehicle while intoxicated.

The district attorney who handled the case was Felipe Ortiz Ortiz. The one who took the statement of policeman Reyes Cruz and signed the information in October 1963 was district attorney Marcano.

After the direct cross-examination of policeman Reyes Cruz, second witness for the prosecution, defendant's counsel asked the district attorney to hand to him copy of that witness' statement. District attorney Ortiz examined the record he had of the case and did not find therein the statement said witness had given before district attorney Marcano.

He and his stenographer looked for the sworn statement but were unable to find it. Under those conditions counsel for the defense requested that the policeman's statement be eliminated. The trial court refused.

■ At the request of the defense the court set April 27, 1964 for the continuation of the hearing of the case, the judge then ordering the district attorney to take steps again to locate the sworn statement of Reyes Cruz. From the minutes for that day we copy the following:

"The parties announce they are ready to continue with the hearing of this case.

"The evidence is verified.

"The district attorney informs the court that the sworn statement of policeman Reyes Cruz has not been found in spite of the search conducted in the district attorney's office.

"The defense raises a question of law and requests the dismissal of this case because the defendant is entitled to receive copies of the sworn statements and in this case he has not received a copy of the sworn statement of the policeman.

"The district attorney presents evidence that the sworn statement has been lost with the testimony of Juan Osorio, District Attorney Juan Marcano's stenographer.

"The court denies the request for dismissal. The defense requests that the testimony of policeman Reyes Cruz be eliminated and the court denies it.

"The defense presents its evidence with the testimony of witness Cristóbal Guadalupe. The parties stipulate the verification analysis of the third sample, the defense introduces it in evidence, the court admits it and it is marked Exhibit 1 for the defense."

When the judge asked defendant's counsel to examine witness Reyes Cruz said attorney stated:

"No, I am not going to examine him. Simply have his testimony eliminated."

The elimination sought by the defense was not finally ordered.

Regarding this question we stated in *People* v. *Aponte,* 83 P.R.R. 491, 494–495 (1961):

"Just a few days ago we adopted as rule of procedure in this jurisdiction the rule which permits the defendant to obtain copy of any statement given by a prosecution witness if the request is made subsequent to the direct testimony and during the cross-examination, and if the same is related to the facts in litigation. *People* v. *Ribas, ante,* p. 371. This solution was forthcoming since *People* v. *Superior Court; Ramos, Int.,* 80 P.R.R. 679 (1958). *Cf. People* v. *Cortés,* 79 P.R.R. 769 (1957). See, also, *Jencks* v. *United States,* 353 U.S. 657 (1957), and *Campbell* v. *United States,* 365 U.S. 85 (1961). It is well to clarify that under the rule enunciated the district attorney is bound to deliver only the written sworn statements in his possession. In *De Freese* v. *United States,* 270 F.2d 737, 740 (C.A. 5, 1959), it was said: 'The Jencks rule does not require the government to furnish something it does not have and cannot obtain. Here, everything the government did have in its possession was turned over to the appellant . . . . This is all that justice and fairness require.' And in *United States* v. *Place,* 263 F.2d 627, 631 (C.A. 2, 1959), it is intimated that the defendant must lay the foundation for the existence of the statement desired. The defendant is therefore bound to procure the delivery of any other written statement given by a prosecution witness before some other public officer, and particularly before those who determine the existence of probable cause. It is clear that if the district attorney has in the initial proceedings copies of written statements of those witnesses given before other officers, he is bound to produce them even though they have not been taken by him."

There is no showing in the record that district attorney Ortiz had in his possession the statement that policeman Reyes Cruz had given eight months before to district attorney Marcano in the preliminary stage of the case. He tried to locate it but was unsuccessful.

We believe that if he had had the statement when the latter requested it he would have delivered it to the defense as he did with the written statement of José Manuel Sánchez Román. (Tr. Ev. 4.) The defense could have cross-examined

the policeman regarding the particulars of his prior statement but waived that right.

Under such circumstances the trial court did not err in refusing to eliminate the testimony of policeman Reyes Cruz. On the other hand, even assuming that the elimination had been ordered, there would always have been sufficient evidence to find defendant guilty of driving under the effects of intoxicating beverages in the light of the testimony of said Sánchez Román and of the blood analysis admitted in evidence and which in part were introduced by appellant himself.

■ The second error assigned was not committed either. The trial court correctly weighed the evidence introduced and its conclusion that defendant drove the truck under the effect of intoxicating beverages is supported by that evidence which we summarize as follows: On August 24, 1963 an accident took place between a Ford truck and a Corvair automobile at the intersection Ramal San José on the Río Piedras-Caguas highway. The truck driven by Enrique Olmo was going from Río Piedras to Caguas. The automobile driven by José Manuel Sánchez was going from Caguas to Río Piedras. The collision occurred when the driver of the truck was about to enter Ramal San José. The driver of the automobile got out and walked to the driver of the truck, who had also alighted from his vehicle, and noticed that the latter was half-staggering and smelled strongly of liquor. Olmo boarded the truck after the talk. Sánchez Román, his wife and children were injured in the accident and were picked up by a passing car and taken to the hospital. (Tr. Ev. 1–4, 9, 11.)

The accident was investigated by policeman Reyes Cruz. Olmo told the latter that he was driving the truck. When the policeman observed that Olmo staggered, smelled strongly of liquor and was incoherent, he asked Olmo to have a blood or urine sample taken to which Olmo acquiesced. The case

was submitted to a judge that same night. (Tr. Ev. 11–13.)

The report of the original blood sample, dated September 5, 1963, reveals that at the time of said analysis the defendant's blood had fifteen hundredths of one percent by weight of alcohol. From said fact, pursuant to Art. 8, § 5-801 (b) 3 of Traffic Law No. 141 of 1960, ". . . it shall be presumed that the defendant was under the influence of intoxicating liquor at the time of the alleged violation."

At the request of counsel for the defense, made April 17, 1964, that is, seven months after the first analysis, a verification analysis of defendant's blood sample was performed. On this occasion the verification analysis showed that at the time said analysis was made—April 23, 1964—that blood sample had fourteen hundredths of one percent by weight of alcohol, notwithstanding the chemical changes the alcoholic contents of that sample could have undergone during those seven months.

The verification report which shows one hundred less than the original analysis was introduced in evidence by defendant himself. If to this report, in the integral consideration of the evidence furnished at the trial, there is added the evidence for the prosecution, which shows the accident caused by the abnormal manner of conducting the truck, we must conclude that appellant's conviction was justified.

■ Regarding the request made by appellant in the sense that we grant him the benefit of the amendment to the Vehicle and Traffic Law made by Act No. 6 of April 30, 1965, if we believe that the judgment appealed from should be affirmed, we abstain from interfering with the fixing of the penalty made by the trial court, without prejudice that appellant may invoke the provisions of Rule 185 (a) of the Rules of Criminal Procedure once the case is remanded to the trial court.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández as well as Mr. Justice Rigau did not participate herein.